UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PERRY MILLS,

                Plaintiff,

    v.

ANDREW BODMAN, in his official capacity and in his individual capacity,

                Defendant.

CASE NO. C05-1315C

ORDER

      This matter comes before the Court on Defendant's Federal Rules of Civil Procedure 12(b)(1), (2), (5), (6) and (e) Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, and Failure to State a Claim (Dkt. No. 13) ("Def.'s Mot. Dismiss"), Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss (Dkt. No. 18) ("Pl.'s Opp'n"), and Defendant's Reply in Support of Motion to Dismiss (Dkt. No. 30) ("Def.'s Reply").  Having considered the papers submitted by the parties and finding oral argument unnecessary, the Court GRANTS Defendant's motion in part and DENIES Defendant's motion in part for the following reasons.

//
//
//

ORDER – 1

## I. BACKGROUND

On July 27, 2005, Plaintiff Perry Mills, a tenured professor at Western Washington University ("WWU"), filed this action against Defendant Andrew R. Bodman, the Provost and Vice President for Academic Affairs for WWU, alleging seven counts of deprivation of constitutional rights under color of state law pursuant to 42 U.S.C. § 1983 and two pendent state law contract claims. (Compl. for Inj. Relief and for Damages 1–2, 7–10 (Dkt. No. 1) ("Compl."); *see also* Am. Compl. for Inj. Relief and for Damages (Dkt. No. 17) ("Am. Compl.").) On August 18, 2005, Plaintiff filed a Motion for Preliminary Injunction (Dkt. No. 12). On the same day, Defendant filed this motion to dismiss.

Facts relevant to the instant motion are as follows. Plaintiff was appointed as a tenured professor in WWU's Drama Department in the fall of 1994, and taught Drama Department classes every year thereafter. (Am. Compl. 2.) However, on October 18, 2004, Defendant suspended Plaintiff with pay. (*Id.* at 3.) The reason given for the suspension was to review complaints received from faculty and students. (*Id.*) Plaintiff was told that he would not be permitted access to campus during the suspension without prior notification of his department chair and a University Police escort. (*Id.*) Violation of these terms was said to be potentially criminal as well as grounds for further discipline. (*Id.*) Defendant had someone else take over Plaintiff's classes for the rest of the fall of 2004, and Plaintiff has not taught classes since; nor is he scheduled to teach in the present term (fall 2005). (*Id.* at 3, 6.) No suspension length was specified, and Plaintiff's suspension has continued uninterrupted since October 18, 2004. (*Id.* at 5–6.)

Plaintiff states in his complaint that the requisite *Faculty Handbook of Western Washington University* (*"Handbook"*) conditions justifying suspension were not satisfied in his case. (Am. Compl. 3–5.) No formal Statement of Charges was filed prior to the suspension, but a Statement of Charges was eventually filed on or about June 6, 2005. (*Id.* at 5.) Plaintiff also states in his complaint that Defendant has violated the *Handbook* hearing procedures for charges against a professor. (*Id.* at 7.) A five-person faculty panel is now scheduled to hold an administrative disciplinary hearing on the suspension, and these

ORDER – 2

1  proceedings will commence on October 5, 2005.  (Letter from James E. Lobsenz, Att'y for Pl. (Sept. 16,
2  2005) (Dkt. No. 34).)

3        Plaintiff's federal constitutional claims allege the following: (1) deprivation of Plaintiff's right to
4  procedural due process by Defendant's failure to follow rules and regulation set forth in the *Handbook*;
5  (2) violation of Plaintiff's right to pre-deprivation procedural due process by Defendant's suspension of
6  Plaintiff from his faculty position and eviction of Plaintiff from campus without first affording notice of
7  complaints against him, evidence in support thereof, and an opportunity to respond; (3) deprivation of
8  Plaintiff's right to procedural due process by Defendant's failure to provide a reasonably prompt post-
9  deprivation hearing; (4) deprivation of Plaintiff's First Amendment right to freedom of speech by
10 Defendant's imposition of two unconstitutional prior restraints; (5) deprivation of Plaintiff's First and
11 Fourteenth Amendment rights to fair notice of prohibited behavior by Defendant's reliance on *Handbook*
12 regulations that are unconstitutionally vague as applied to Plaintiff's conduct; (6) deprivation of Plaintiff's
13 First Amendment right to freedom of speech and freedom to petition by Defendant's suspension of
14 Plaintiff in retaliation for Plaintiff's complaint against another professor; and (7) deprivation of Plaintiff's
15 First Amendment right to freedom of speech by Defendant's suspension of Plaintiff for having made
16 remarks to students and other faculty that were within the protective ambit of the First Amendment
17 regardless of their offensiveness to some.  (Am. Compl. 8–10.)

18       Plaintiff's state law contract claims allege (1) that by suspending Plaintiff prior to filing any
19 Statement of Charges and by imposing a suspension without complying with the relevant *Handbook*
20 provisions, Defendant breached the employment contract with Plaintiff; and (2) that by initiating
21 disciplinary proceedings against Plaintiff on grounds not authorized by the *Handbook*, Defendant has
22 breached the employment contract with Plaintiff.  (Am. Compl. 7–9.)

23 //
24 //
25 //
26 ORDER – 3

Defendant's August 18, 2005 motion (Dkt. No. 13) originally sought to dismiss Plaintiff's case on the following grounds: (a) Eleventh Amendment immunity[1] regarding claims for damages under § 1983 against Defendant in his official capacity; (b) failure to state a claim[2] for injunctive relief under § 1983 against Defendant in his individual capacity due to Defendant's lack of authority to reinstate Plaintiff; (c) lack of personal jurisdiction[3] over Defendant in his official capacity due to alleged improper service that would deny this Court the authority to grant injunctive relief under § 1983; (d) Eleventh Amendment immunity[4] regarding claims for breach of contract by Defendant in his official capacity; and (e) failure to state a claim[5] for breach of contract by Defendant in his individual capacity due to lack of a personal contract. (Def.'s Mot. Dismiss 4–8; Def.'s Proposed Order 1–2.) Defendant also requested that this

---

[1] Defendant argues (*see* Def.'s Mot. Dismiss 1, 4–5; Def.'s Reply 2–4 & Proposed Order 1) that this court lacks *subject matter jurisdiction* on the basis of the Eleventh Amendment and accordingly seeks dismissal under Federal Rule of Civil Procedure 12(b)(1). However, Eleventh Amendment immunity is a *defense*, not a jurisdictional failure. *Tritchler v. County of Lake*, 358 F.3d 1150, 1153–54 (9th Cir. 2004) ("Eleventh Amendment immunity 'does not implicate a federal court's subject matter jurisdiction in any ordinary sense' . . . it 'should be treated as an affirmative defense.'" (quoting *ITSI T.V. Prod., Inc. v. Agric. Ass'ns*, 3 F.3d 1289, 1291 (9th Cir. 1993))); *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997) (stating that the Eleventh Amendment "enacts a [waivable] sovereign immunity from suit, rather than a nonwaivable limit on the Federal Judiciary's subject-matter jurisdiction"). However, this Court may dismiss claims on the basis that the Eleventh Amendment bars suit, particularly where, as here, Defendant has raised the issue. *See Yakama Indian Nation v. State of Wash. Dept. of Revenue*, 176 F.3d 1241, 1245 (9th Cir. 1999); *Confederated Tribes & Bands of Yakama Indian Nation v. Locke*, 176 F.3d 467, 469 (9th Cir. 1999). Thus, despite Defendant's inaccurate framing of his Eleventh Amendment argument as a question of subject matter jurisdiction, the Court will consider the Eleventh Amendment as a basis for dismissal apart from Federal Rule of Civil Procedure 12(b)(1).

[2] *See* FED. R. CIV. P. 12(b)(6).

[3] *See* FED. R. CIV. P. 12(b)(2), (5).

[4] Again, Defendant argues that the Eleventh Amendment requires that the contract claims be dismissed due to lack of subject matter jurisdiction. As discussed, *supra* note 1, because the Eleventh Amendment basis for dismissal is not one for lack of subject matter jurisdiction, this Court will consider the Eleventh Amendment as a basis for dismissal apart from Federal Rule of Civil Procedure 12(b)(1).

[5] *See* FED. R. CIV. P. 12(b)(6).

ORDER – 4

Court order Plaintiff to make a more definite statement[6] of his claims because he had allegedly failed to make clear whether he meant to sue Defendant personally as well as in his official capacity. (Def.'s Mot. Dismiss 7–8 & Proposed Order 2.)

Plaintiff filed his amended complaint on September 2, 2005 and also responded to Defendant's motion on September 5, 2005, both of which rendered half of Defendant's six original requests for dismissal moot. (*See* Am. Compl. 1, 10–11; Pl.'s Opp'n 3–4, 7–9.) Defendant's Reply accordingly withdraws his requests to dismiss on grounds (b) (*see* Def.'s Reply 1 n.1) and (c) (*see* Def.'s Reply 5–6, 1 n.1), set forth above, and also withdraws the request for a more definite statement (*see* Def.'s Reply 1 n.1). This leaves claims (a), (d), and (e), as set forth above, for this Court to address. (*See also* Def.'s Reply, Proposed Order 2.) The Court will discuss each of these three remaining requests for dismissal in turn.

## II. ANALYSIS

### A. Monetary Damages Claims Under § 1983

The Eleventh Amendment bars suits against states and their agencies in federal court unless the state consents. *Yakama Indian Nation*, 176 F.3d at 1245. However, "'[s]ince the Supreme Court's decision in *Ex parte Young*, 209 U.S. 123 (1908), courts have recognized an exception to the Eleventh Amendment bar for suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law.'" *Wilbur v. Locke*, — F.3d —, No. 03-35911, 2005 WL 2174485 (9th Cir. Sept. 9, 2005) (quoting *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000)). Further, state officials may be sued in their individual capacities for monetary damages. *See Shoshone–Bannock Tribes v. Fish & Game Comm'n, Idaho*, 42 F.3d 1278, 1284 (9th Cir. 1994); *see also Scheuer v. Rhodes*, 416 U.S. 232, 238 (1974). This is settled law.

---

[6] *See* FED. R. CIV. P. 12(e).

ORDER – 5

1    Defendant begins both his Motion to Dismiss and his Reply with a discussion about the
2 unavailability of monetary damages under § 1983 against Defendant in his *official* capacity. Defendant
3 argues that such claims are barred by the Eleventh Amendment and that this Court thus "lacks
4 jurisdiction." (*See* Def.'s Mot. Dismiss 5; Def.'s Reply 2.) As a preliminary note, this Court will
5 consider the Eleventh Amendment and associated doctrine as a ground for dismissal but not as a
6 jurisdictional failure. *See supra* note 1. Further, before reaching the merits of the Eleventh Amendment
7 argument presented here, the Court must determine whether Defendant has even moved to dismiss a
8 pending claim.
9    Despite Defendant's arguments to the contrary, nowhere does it appear that Plaintiff actually
10 makes any claims for monetary damages against Defendant in his *official* capacity. (*See* Am. Compl.
11 10–11 (praying for general and punitive damages against Defendant in his *individual* capacity and
12 injunctive relief against defendant in his *official* capacity).) Further, Plaintiff clarified his claims in his
13 Opposition to Defendant's Motion to Dismiss, emphasizing what is clear from the Amended Complaint
14 alone: Plaintiff seeks *declaratory and injunctive* relief against Defendant in his *official* capacity under the
15 doctrine of *Ex parte Young* and *damages* against Defendant in his *individual* capacity, both of which
16 clearly are authorized in § 1983 actions. (*See* Pl.'s Opp'n 2–3 (quoting *Ex parte Young*, 209 U.S. at
17 159–60 (stating that officials can be sued in federal court)), 4 (quoting *Agua Caliente Band*, 223 F.3d at
18 1045 (explaining exception to Eleventh Amendment allowing suits for declaratory and injunctive relief
19 against state officers in their official capacities)), 5 (quoting *Hafer v. Melo*, 502 U.S. 21, 30–31 (1991)
20 (explaining that personal liability is allowed)).)
21   Nevertheless, in arguing for partial dismissal of Plaintiff's § 1983 damages claims, Defendant's
22 Reply points out that the "Amended Complaint did not change the factual allegations that allege that Dr.
23 Bodman was acting in his capacity as Provost, nor did it delete the general request for relief that is not
24 restricted to Dr. Bodman's personal assets." (Def.'s Reply 2.) Plaintiff's allegation that Dr. Bodman was
25 acting in his official capacity is an element of his § 1983 claims. *See Shoshone-Bannock Tribes*, 42 F.3d
26 ORDER – 6

at 1284 (The elements of a § 1983 claim are a defendant acting "under color of state law" resulting in deprivation of a federal right, privilege, or immunity.). Plaintiff simply has made allegations of state action necessary to his § 1983 causes of action. It does not follow that Plaintiff claims *damages* against Defendant in his *official* capacity. Rather, "[w]here state officials are named" in a § 1983 complaint, "it is presumed that the officials are being sued in their individual capacities" for damages, since damages against state officials in their official capacity are "plainly barred." *Id.* Plaintiff has stated as much in his Opposition. (Pl.'s Opp'n 2–7.) Therefore, as to Defendant's request to dismiss Plaintiff's claim for monetary damages against him in his official capacity based on the Eleventh Amendment, the Court finds no issue in controversy. Plaintiff has not made a claim for damages against Defendant in his official capacity and this Court will not presume he has where there is no evidence of such a claim in any of Plaintiff's pleadings. Accordingly, this Court cannot "dismiss"—or issue an advisory opinion as to—claims not made by Plaintiff. The only damages claims made by Plaintiff are against Defendant in his individual capacity, and Defendant has not sought to have those claims dismissed.

### B. State Law Contract Claims Against Defendant in His Official Capacity

Defendant next argues that Plaintiff's pendent state law contract claims against him in his official capacity must be dismissed because they are barred by the Eleventh Amendment and this Court thus lacks "subject matter jurisdiction." (*See* Def.'s Reply 3.) As before, this Court will consider the Eleventh Amendment and its associated doctrine as a ground for dismissal of—but not a jurisdictional bar to—the state law contract claims against Defendant in his official capacity. *See supra* note 1.

In order to claim Eleventh Amendment immunity from suit, an entity must be a state or an arm of the state. *Beentjes v. Placer County Air Pollution Control Dist.*, 397 F.3d 775, 777–78 (9th Cir. 2005). In Washington, state universities have been presumed to be "arms of the state" for purposes of the Eleventh Amendment. *Goodisman v. Lytle*, 724 F.2d 818, 820 (9th Cir. 1984) (University of Washington). Moreover, Plaintiff does not assert that WWU is *not* an arm of the state. Instead, Plaintiff discusses the availability of the *Ex parte Young* doctrine as an exception to Eleventh Amendment

ORDER – 7

immunity and as an avenue to sue an official for injunctive relief. Because *Ex parte Young* is relevant only in the context of suits against *state* officials, Plaintiff implies that WWU is an arm of the state in his pleadings. (*See* Am. Compl. 10–11; Pl.'s Opp'n 2–7.) Therefore, this Court need not conduct an independent analysis and will presume without deciding that WWU is an arm of the state. In the instant case, however, Plaintiff is suing *only* a state official (Defendant Bodman), not the state entity for which he works (WWU). To be precise, then, the question here is the *extent* to which WWU's *official* can be sued under the *Ex parte Young* exception, and not whether Defendant (an official) has Eleventh Amendment immunity (which is only available to entities). The extent to which Defendant can be sued in his official capacity will determine whether this Court must dismiss Plaintiff's pendent state law contract claims against Defendant in his official capacity.

The Supreme Court, in *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984), decided the extent to which *Ex parte Young* allows claims for injunctive relief against state officials—particularly in regard to pendent state law claims such as Plaintiff's contract claims in the instant case. In *Pennhurst*, the respondents argued that their pendent state law claim was not barred because it sought only the *type* of relief—prospective injunctive—allowed under *Ex parte Young*. *Id.* at 104. However, the Supreme Court rejected this argument, holding that the doctrine of *Ex parte Young* allows suits against state officials to redress violations of *federal law*, but *not* violations of *state law*. *Id.* at 104–05; *see also Papasan v. Allain*, 478 U.S. 265, 277 (1986) (acknowledging unavailability of *Ex parte Young* to redress violations of state law). Pendent state law claims are not allowed against state officials sued in their official capacity, *regardless* of the type of relief they seek. Thus, all of Plaintiff's state law contract claims against Defendant in his official capacity must be DISMISSED, because the doctrine of *Ex parte Young* does not extend far enough to allow them. It is irrelevant whether these claims seek damages or injunctive relief, because neither is allowed. Plaintiff is free to bring state law claims against Defendant in his official capacity in state court, but he may not do so in federal court.

//

ORDER – 8

**C. State Law Contract Claims Against Defendant in His Individual Capacity**

Finally, Defendant argues that Plaintiff's state law contract claims against him in his individual capacity must also be dismissed. Defendant argues that Plaintiff fails to state a claim for which relief can be granted, *see* FED. R. CIV. P. 12(b)(6), because he alleges no facts that could support a theory of a personal contract between the two individuals. (Def.'s Mot. Dismiss 7; Def.'s Reply 5.) The Court may dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). Dismissal without leave to amend is only appropriate if the Court determines that the pleading could not possibly be cured by the allegation of additional facts. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

Defendant notes that Plaintiff did not respond to the request to dismiss the contract claims against Defendant or present any facts in his Opposition that would support an individual contract theory. (Def.'s Reply 5.) Because Plaintiff did not file any papers responsive to Defendant's motion to dismiss claims related to a personal contract between Plaintiff and Defendant, the Court presumes that Defendant's motion has merit.[7]

It is not clear whether Plaintiff meant to plead breach of a contract with Defendant in his individual capacity. His prayer for relief seeks damages against Defendant in his individual capacity without limiting them to the § 1983 claims. (Am. Compl. 10–11.) Even if Plaintiff has alleged a personal contract, because it does not appear on the face of the pleadings that there could have been an employment contract between Defendant in his individual capacity and Plaintiff, and because Plaintiff does not rebut Defendant's argument in that regard, any state law contract claims against Defendant in his individual capacity are DISMISSED. Though a contract with Defendant as an individual does not seem likely on the facts presented thus far, Plaintiff is free to attempt to allege facts that would support

---

[7] *See* Local Rules W.D. Wash. CR 7(b)(2) ("If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").

ORDER – 9

1 such a claim through an amendment to his complaint.

2 **III. CONCLUSION**

3 Defendant's motion is hereby GRANTED in part and DENIED in part.

4 (1) Defendant's motion to dismiss claims for damages against him in his official capacity is
5 DENIED because Plaintiff has not made any such claims.

6 (2) Defendant's motion to dismiss Plaintiff's state law contract claims is GRANTED.
7 Specifically, Plaintiff's state law contract claims against Defendant in his *official* capacity and Plaintiff's
8 state law contract claims against Defendant in his *individual* capacity are hereby DISMISSED without
9 prejudice in accordance with the reasoning set forth in this Order.

11 SO ORDERED this 4th day of October, 2005.

John C. Coughenour
United States District Judge

26 ORDER – 10