1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

PERRY MILLS,

11

Plaintiff,

12

v.

CASE NO. C05-1315C

ORDER

13

ANDREW BODMAN, in his official capacity and
in his individual capacity,

14

Defendant.

15

16     This matter comes before the Court on Plaintiff's Motion for Preliminary Injunction and

17     Memorandum in Support of Motion (Dkt. No. 12) ("Pl.'s Mot. Inj."), Defendant's Opposition to Motion

18     for Preliminary Injunction and Memorandum in Opposition to Motion (Dkt. No. 19) ("Def.'s Opp'n"),

19     Plaintiff's Reply Brief in Support of Motion for Preliminary Injunction, and Motion to Strike Defendant's

20     Overlength Brief (Dkt. No. 25) ("Pl.'s Reply"), and Defendant's Declaration of Beatrice Lange

21     Regarding Font Size on Defendant's Opposition Brief to Motion for Preliminary Injunction (Dkt. No. 33)

22     ("Lange Decl.").  Having considered the papers submitted by the parties and finding oral argument

23     unnecessary, the Court DENIES Plaintiff's motion for a preliminary injunction and also DENIES

24     Plaintiff's motion to strike Defendant's brief, for the following reasons.

25     //

26     ORDER – 1

1  **I. BACKGROUND**

2      On July 27, 2005, Plaintiff Perry Mills, a tenured professor at Western Washington University

3  ("WWU"), filed this action against Defendant Andrew R. Bodman, the Provost and Vice President for

4  Academic Affairs for WWU, alleging seven counts of deprivation of constitutional rights under color of

5  state law pursuant to 42 U.S.C. § 1983 and two pendent state law contract claims.  (Compl. for Inj.

6  Relief and for Damages 1–2, 7–10 (Dkt. No. 1) ("Compl."); *see also* Am. Compl. for Inj. Relief and for

7  Damages (Dkt. No. 17) ("Am. Compl.").)  On August 18, 2005, Plaintiff filed this motion for a

8  preliminary injunction.

9      Facts relevant to the instant motion are as follows.  Plaintiff was appointed as a tenured professor

10  in WWU's Drama Department in the fall of 1994, and taught Drama Department classes every year

11  thereafter.  (Am. Compl. 2.)  However, on October 18, 2004, Defendant suspended Plaintiff with pay.

12  (*Id.* at 3.)  The reason given for the suspension was to review complaints received from faculty and

13  students.  (*Id.*)  Plaintiff was told that he would not be permitted access to campus during the suspension

14  without prior notification of his department chair and a University Police escort.  (*Id.*)  Violation of these

15  terms was said to be potentially criminal as well as grounds for further discipline.  (*Id.*)  Defendant had

16  someone else take over Plaintiff's classes for the rest of the fall of 2004, and Plaintiff has not taught

17  classes since; nor is he scheduled to teach in the present term (fall 2005).  (*Id.* at 3, 6.)  Plaintiff has

18  suffered no loss in income or benefits during the suspension.  (Def.'s Opp'n 6.)  No suspension length

19  was specified, and Plaintiff's suspension has continued uninterrupted since October 18, 2004.  (Am.

20  Compl. 5–6.)

21      Plaintiff states in his complaint that the requisite *Faculty Handbook of Western Washington*

22  *University* (*"Handbook"*) conditions justifying suspension were not satisfied in his case.  (*Id.* at 3–5.)

23  No formal Statement of Charges was filed prior to the suspension, but a Statement of Charges was

24  eventually filed on or about June 6, 2005.  (*Id.* at 5.)  Plaintiff also states in his complaint that Defendant

25  has violated the *Handbook* hearing procedures for charges against a professor.  (*Id.* at 7.)  Negotiations

26  ORDER – 2

1   between Plaintiff and WWU have occurred on and off since November 2004.  A five-person faculty panel

2   is now scheduled to hold an administrative disciplinary hearing on the suspension, and these proceedings

3   will commence on October 5, 2005.  (Letter from James E. Lobsenz, Att'y for Pl. (Sept. 16, 2005) (Dkt.

4   No. 34).)

5        Plaintiff brought seven constitutional claims, all of which revolve around procedural due process

6   and the First Amendment,[1] and two pendent state law contract claims.  Plaintiff's two pendent state law

7   contract claims[2] now have been dismissed pursuant to an Order of this Court.  (*See* Dkt. No. 36.)

8   Accordingly, arguments on the instant motion stemming from Plaintiff's contract claims will not be

9   considered when determining whether to grant a preliminary injunction.

10        The instant motion seeks a three-fold injunction that would (1) prohibit Defendant from

11   suspending or discharging Plaintiff; (2) prohibit Defendant from barring Plaintiff from campus; and (3)

12   order Defendant to allow Plaintiff to resume his "normal teaching duties."  (Pl.'s Mot. Inj. 1.)  As to the

---

14        [1]  Plaintiff's constitutional claims allege the following: (1) deprivation of Plaintiff's right to
15   procedural due process by Defendant's failure to follow rules and regulation set forth in the *Handbook*;
     (2) violation of Plaintiff's right to pre-deprivation procedural due process by Defendant's suspension of
16   Plaintiff from his faculty position and eviction of Plaintiff from campus without first affording notice of
     complaints against him, evidence in support thereof, and an opportunity to respond; (3) deprivation of
17   Plaintiff's right to procedural due process by Defendant's failure to provide a reasonably prompt post-
     deprivation hearing; (4) deprivation of Plaintiff's First Amendment right to freedom of speech by
18   Defendant's imposition of two unconstitutional prior restraints; (5) deprivation of Plaintiff's First and
     Fourteenth Amendment rights to fair notice of prohibited behavior by Defendant's reliance on *Handbook*
19   regulations that are unconstitutionally vague as applied to Plaintiff's conduct; (6) deprivation of Plaintiff's
     First Amendment right to freedom of speech and freedom to petition by Defendant's suspension of
20   Plaintiff in retaliation for Plaintiff's complaint against another professor; and (7) deprivation of Plaintiff's
     First Amendment right to freedom of speech by Defendant's suspension of Plaintiff for having made
21   remarks to students and other faculty that were within the protective ambit of the First Amendment
     regardless of their offensiveness to some.  (Am. Compl. 8–10.)
22

23        [2]  Plaintiff's contract claims alleged (1) that by suspending Plaintiff prior to filing any Statement of
     Charges and by imposing a suspension without complying with the relevant *Handbook* provisions,
24   Defendant breached the employment contract with Plaintiff; and (2) that by initiating disciplinary
     proceedings against Plaintiff on grounds not authorized by the *Handbook*, Defendant breached the
25   employment contract with Plaintiff.  (Am. Compl. 7–9.)

26   ORDER – 3

1    first, Plaintiff also seeks dismissal of the entire disciplinary proceeding against him.  (*Id.* at 18 (citing

2    *United States v. 295 Ivory Carvings*, 689 F.2d 850 (9th Cir. 1982).)

3    **II.  ANALYSIS**

4    In order to obtain a preliminary injunction, Plaintiff "must demonstrate either '(1) a combination

5    of probable success on the merits *and* the possibility of irreparable harm; *or* (2) that serious questions are

6    raised and the balance of hardships tips in [his] favor.'" *Brown v. Cal. Dep't of Transp.*, 321 F.3d 1217,

7    1221 (9th Cir. 2003) (quoting *A & M Records Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir.

8    2001)) (emphasis added).  "The formulas do not differ, but reflect 'two points on a sliding scale in which

9    the degree of irreparable harm increases as the probability of success on the merits decreases.'" *Id.*

10   (quoting *Associated Gen. Contractors of Cal., Inc. v. Coalition for Econ. Equity*, 950 F.2d 1401, 1410

11   (9th Cir. 1991)).  Further, "[u]nder any formulation of the test, *plaintiff must demonstrate that there*

12   *exists a significant threat of irreparable injury.*"  *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762

13   F.2d 1374, 1376 (9th Cir. 1985) (emphasis added).

14   Plaintiff's suspension with pay has caused him no financial injury.  The harms Plaintiff alleges are

15   to his First Amendment freedoms (Pl.'s Mot. Inj. 5) and his property rights in his tenured position (*Id.* at

16   11).  Further, he cites loss of "opportunity to teach his students, advance his academic career, exercise his

17   academic freedom," and not being able to "set[] foot on the campus of a public university without

18   undergoing the humiliation of a mandatory police escort."  (*Id.* at 16.)  He also cites damage to

19   reputation.  (*Id.* at 17.)  Plaintiff's motion presents four due process arguments, two contract arguments

20   (which will be disregarded due to this Court's dismissal of the state law contract claims), and two First

21   Amendment arguments in support of the motion.

22   As a preliminary matter, the Court notes that this case is in the early stages of factual

23   development, and it is not possible at this juncture to determine what "the facts" are.  Both sides have

24   presented voluminous declarations and exhibits to accompany their pleadings on the motion for a

25   preliminary injunction.  Much of the evidence contains contradictory renditions of events at issue on this

26   ORDER – 4

1   motion.  Not only that, the bitterly disputed facts must be resolved in order to fully consider the merits of

2   Plaintiff's underlying claims.  This Order on Plaintiff's motion for a preliminary injunction is not the

3   proper forum to make such binding findings of fact.

4         **A.  First Amendment Claims**

5         Plaintiff made multiple First Amendment claims in his Amended Complaint, but only presented

6   two in support of his motion for a preliminary injunction: (1) a prior restraint in his prohibition from

7   campus; and (2) a prior restraint in his prohibition from teaching due to the suspension.  (*See* Pl.'s Mot.

8   Inj. 19–26, 34 n.3; Pl.'s Reply 14–15.)

9         Defendant acknowledges that the "loss of First Amendment freedoms, for even minimal periods of

10  time, constitutes irreparable injury."  (Def.'s Opp'n 9 (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).)

11  However, "[t]o establish irreparable injury in the First Amendment context," Plaintiff must demonstrate

12  "'the existence of a colorable First Amendment claim.'"  *Brown*, 321 F.3d at 1225.  Thus, as to Plaintiff's

13  First Amendment claims, this Court must determine whether Plaintiff has met his burden of making a

14  colorable claim on either of the two prior restraint theories.  A colorable claim is one that is not "wholly

15  insubstantial, immaterial, or frivolous."  *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 2002).  A "prior

16  restraint" necessarily involves protected speech.

17   Defendant counters both of Plaintiff's prior restraint claims with the argument that Plaintiff's

18  conduct—allegedly wielding a knife and creating a threatening environment for students, using sexist and

19  derogatory slurs when referring to colleagues, intimidating others outside the classroom, and using

20  "fighting words"—is not even protected speech.  (Def.'s Opp'n 26.)  This conduct was alleged to have

21  occurred both in common areas on the campus and in the classroom, thus making it relevant to *both* of

22  Plaintiff's prior restraint claims.  To the extent that Defendant was seeking to prevent Plaintiff from

23  engaging in unprotected conduct like this in the future, Defendant's actions could not possibly constitute

24  a prior restraint.  Plaintiff responds only by explaining that his conduct was actually protected speech.

25  (*See* Pl.'s Reply 15–16.)  The Court declines to determine on the limited record before it whether

26  ORDER – 5

1  Plaintiff's conduct is protected speech or not.  Thus, at this time, there are no clear losses of First

2  Amendment freedoms that would require a finding of irreparable injury.

3  Returning to the "colorable claim" test, the Court cannot find the Plaintiff's prior restraint claims

4  "not wholly insubstantial, immaterial, or frivolous."  If Plaintiff's conduct is not speech in the first place,

5  he cannot have a colorable claim.  He may prove his claim colorable and his speech protected later in this

6  litigation, but has not yet done so.  Because Plaintiff has failed to prove a colorable prior restraint claim,

7  he has failed to show irreparable injury under the first *Brown* test, quoted *supra*, a test which both parties

8  rely upon in their briefing on this motion.

9  Moreover, even if "serious questions are raised," given the severe consequences to the university

10  community and the safety of the students and faculty if Plaintiff's conduct is as bad as Defendant says it

11  is, the Court cannot find that the balance of hardships "tips in Plaintiff's favor" as he awaits his

12  administrative hearing at WWU and the further development of this lawsuit.  Plaintiff's prior restraint

13  arguments therefore fail the second *Brown* test as well.

14  **B.  Due Process Claims**

15  Plaintiff's motion sets forth the following due process violations to support a preliminary

16  injunction, each of which also was raised in his Amended Complaint: (1) failure to follow WWU's own

17  *Handbook* rules; (2) failure to provide notice of the charges, evidence in support of the charges, or an

18  opportunity to be heard; (3) failure to provide a reasonably prompt postdeprivation hearing; and (4)

19  basing charges on a vague contract.  (Pl.'s Mot. Inj. 9–19, 31–34.)

20  In contrast to the First Amendment context, where the Plaintiff must merely show a colorable

21  claim to establish irreparable injury, a more stringent standard applies to the balance of Plaintiff's

22  arguments for a preliminary injunction—arguments which are all premised on due process violations.

23  The traditional preliminary injunction test applies here, without any easing of the Plaintiff's burden to

24  show irreparable injury.  If Plaintiff fails to show irreparable injury, he cannot have an injunction under

25  the first *Brown* test *regardless* of the merits of his due process claims.  The Court addresses this issue

26  ORDER – 6

1   first.

2   As he makes his due process arguments, Plaintiff fails to define anywhere in his motion whether

3   he is claiming deprivation of liberty interests, property interests, or both, instead preferring to talk about

4   his right to teach, to advance his career, and to exercise academic freedom.  In contrast, Defendant

5   discusses Plaintiff's property interests at length, arguing that the deprivations are either not significant or

6   fully able to be redressed by his lawsuit via damages and other legal remedies.  (Def.'s Opp'n 9.)  Plaintiff

7   points out that Defendant focuses solely on property interests, while the Due Process Clause protects

8   liberty and intangible interests as well, such as free speech.  (*See* Pl.'s Reply 8.)  However, because he has

9   not made a colorable claim on First Amendment bases, it helps Plaintiff none to incorporate those

10   interests by reference into his due process arguments for the injunction, for which he must show

11   irreparable harm under the stricter standard.  Further, whereas Plaintiff has not specifically defined the

12   nature of the non-speech interests at issue here, this Court declines to presume that these undefined

13   interests can be protected *only* by an injunction and not by damages or other legal remedies.

14   Plaintiff has kept his full salary and benefits throughout the suspension and has been engaged in a

15   settlement and negotiation process regarding his suspension.  He allegedly has caused some of the

16   procedural delays himself and also waived timeliness requirements.  He has not been terminated, and

17   there is no way to determine at this stage whether any future termination would implicate due process

18   concerns.  Further, for all Plaintiff knows, the October 2005 hearing will result in lifting his suspension.

19   At that point, the Court presumes that any violations of due process that occurred up until then can be

20   redressed in this lawsuit, as can any violations that may occur as a result of the hearing.  More

21   importantly, much of the harm Plaintiff alleges has already been done and cannot be reversed, so an

22   injunction would serve no purpose but to interfere with WWU's internal hearing procedures, which are

23   an avenue to actually provide some process to Plaintiff.  The Court finds that Plaintiff has not shown that

24   he will suffer any irreparable injury.  He may seek to cure any injury he will suffer or already has suffered

25   through prosecution of this lawsuit and his attendant requests for legal remedies and damages.  Because

26   ORDER – 7

1  Plaintiff has not demonstrated a significant threat of irreparable injury in regard to his due process rights,

2  this Court does not reach the issue of his likelihood of success on the merits of those claims.

3          Finally, even if "serious questions are raised" by Plaintiff's due process claims, the Court cannot

4  find that the balance of hardships "tips in Plaintiff's favor," where he has suffered no loss of pay and

5  benefits and has not made a showing that his other interests can be redressed only by a preliminary

6  injunction.  Plaintiff therefore fails the second *Brown* test here too.

7  **III.  CONCLUSION**

8          The Court finds that Plaintiff has not met the burdens set forth in *Brown* as to his First

9  Amendment claims or his due process claims.  Therefore, the Court hereby DENIES Plaintiff's motion

10  for a preliminary injunction.

11          The Court notes that Defendant's pleadings appear to be out of sync with the font-size and line-

12  spacing requirements, but declines to strike his Opposition brief.  The Court hereby DENIES Plaintiff's

13  motion to strike.

14

15          SO ORDERED this 4th day of October, 2005.

16

17          _____

18          John C. Coughenour
            United States District Judge

19

20

21

22

23

24

25

26  ORDER – 8